## Wytheville

### AMERICAN PEANUT CORPORATION V. NEWSOMS SUPPLY COMPANY, ET AL.

#### June 16, 1921.

1. SALES—*Action by Purchaser—Instructions.*—In an action by a purchaser of peanuts against the seller to recover a refund on three hundred and eighty-one bags of the peanuts as wet and unfit for use, it appeared that there was an agreement by which the purchaser was to take four thousand bags of peanuts from the seller. It also appeared that fifty additional bags of peanuts were taken by the purchaser in order to fill out a car, and that he had no opportunity for inspecting them. It was agreed that if these fifty bags of peanuts turned out to be wet, the purchaser would notify the seller and deduction should be made on that account.

   *Held:* That an instruction directing a verdict for defendants as to the fifty bags, unless the fifty bags which were found to be wet were shipped by mutual mistake, was erroneous, as not in accord with the agreement of the parties.

2. ASSUMPSIT — *Parties — Joint Defendants—Amendment.*—A joint action of assumpsit was brought against two defendants. The record did not disclose any joint contract upon which the joint action could be maintained. Plaintiff had the right to dismiss as to one defendant, under section 6102 of the Code of 1919. This was not formally done, but there was no objection to the introduction of evidence of a separate contract with the other defendant when it was offered, nor any motion thereafter to strike it out. If such objection or motion had been made, plaintiff could have amended by striking out the name of the defendant not a party to the contract.

   *Held:* That defendants not having adopted either one or the other of these courses, but having gone to trial on the merits as if the declaration had been so amended, the Supreme Court of Appeals will so treat it.

Error to a judgment of the Circuit Court of Southampton county in an action of assumpsit. Judgment for defendants. Plaintiff assigns error.

*Reversed.*

' The opinion states the case.

*Jno. N. Sebrell, Jr.,* for the plaintiff in error.

*W. H. T. Loyall,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

The Newsoms Supply Company sold to the American Peanut Corporation, through its agent, J. H. Channing, upwards of 4,000 bags of peanuts at ten cents a pound, f. o. b., Newsoms, Va. At the time of sale, the peanuts were stored in the warehouse of the Newsoms Supply Company at Newsoms, and the sellers knew that there were some damp or wet peanuts in one batch of 300 bags. Before the sale was effected the peanuts were inspected in bulk by Channing and by Harris, agents of the plaintiff. Under the terms of the contract of sale, all wet and damp stock was to be set out at Newsoms. The plaintiff directed the entire lot to be shipped to the Dixie Peanut Corporation at Petersburg, Va. At the time of shipment, J. H. Channing, the plaintiff's agent who had effected the purchase, went to Newsoms and supervised and assisted in weighing and loading the peanuts, and gave them such inspection as he deemed necessary to ascertain which of them were wet or damp, and upon this inspection he set out "right many" on that account. Several days were occupied in making the shipments, and each night during the period of shipment, the peanuts shipped that day were settled for by drafts drawn by Channing on the American Peanut Corporation, which were promptly paid by it. The last car shipped contained, in addition to peanuts taken from the warehouse of the Newsoms Supply Company, fifty bags which the Supply Company had just purchased of Smith & Co., and which

Channing agreed to take in order to fill out the car, but which he had not had the opportunity of inspecting. As to these fifty bags, it was agreed between Channing and the Newsoms Supply Company that they might go along with the others and if they turned out to be wet or damp the American Peanut Corporation should notify the Newsoms Supply Company "as early as possible" what they were worth, and what deductions would be claimed on that account, and the plaintiff should have credit therefor; one of the defendants stating as the reason for such notice that "he knew who he got those fifty bags from and he wanted to let the party know, so that he could make that party reimburse him."

Promptly upon receipt of the last carload, the American Peanut Corporation notified the Newsoms Supply Company that fifty bags of that car were wet or damp, but did not state the amount of deduction they would claim therefor. About sixty days after the last shipment the American Peanut Corporation reported 381 bags as wet and damp, and unfit for use, and demanded of the Newsoms Supply Company a refunding of the amount paid for the 381 bags, and the freight thereon, with interest. Compliance with this demand was refused, and a joint action of assumpsit was brought by the American Peanut Corporation against the Newsoms Supply Company and J. H. Channing. At the trial, there was a verdict and judgment for the defendant, to which judgment the American Peanut Corporation assigns error.

The printed record before us is very defective, as it does not show either the pleadings or the final judgment complained of, but it was admitted at the bar of this court that the general issue was pleaded, that there was a trial on the merits and that final judgment was entered for the defendants.

As to the four thousand bags of peanuts that were in the warehouse and constituted the first subject of sale, the instructions of the trial court were correct, and the evidence to support the verdict of the jury is so ample that it would be a waste of time to discuss it.

As to the fifty bags of wet or damp peanuts contained in the last shipment, and constituting the second subject of sale, the instruction of the trial court was erroneous, and the verdict of the jury relating thereto will have to be set aside.

[1] Instruction 2, given by the court over the objection of the plaintiff, was as follows: "The court instructs the jury that if they believe from the evidence that the contract made by the Newsoms Supply Company was to sell all the peanuts in its warehouse at Newsoms except such as might be rejected as wet and damp by the purchaser at Newsoms when weighed; and if they further believe that the purchaser or his agents, after rejecting some, shipped and paid for the rest, they shall find for the defendants. Unless they further believe from the evidence that some wet or damaged peanuts were by mutual mistake shipped from Newsoms to Petersburg."

This instruction directed a verdict for the defendants as to the fifty bags as well as the four thousand bags, unless the fifty bags which were found to be wet or damp were shipped from Newsoms to Petersburg by mutual mistake. This does not accord with the agreement of the parties as shown by the testimony. This lot of fifty bags came in while the last car was being loaded, and were shipped, without inspection, under the agreement that if they were found to be wet or damp when they reached Petersburg, the defendant should be notified of the fact at once, or "as early as possible," and of what deductions defendants would claim on that account. They were not to be inspected at Newsoms but at Petersburg, and the shipment was not the result of mutual mistake, but was by agreement of the parties. The instruc-

tion was not prejudicial to the rights of the plaintiff as to the four thousand bags, but was as to the fifty bags, and to this extent the verdict of the jury and the judgment of the trial court thereon will be set aside.

[2] The record before us does not disclose any joint contract upon which a joint action of assumpsit can be maintained against the defendants. This was admitted at the bar of this court, but no notice of this fact was taken in the court below, and the trial proceeded as if the Newsoms Supply Company were the sole defendant, and there was a verdict and judgment for the defendants on the merits. The plaintiff had the right to dismiss as to the defendant, Channing, under section 6102 of the Code. This was not formallydone, but there was no objection to the introduction of the evidence of a separate contract with the Newsoms Supply Company when it was offered, nor any motion thereafter to strike it out. If such objection or motion had been made, it is probable the plaintiff would have amended its declaration by striking out the name of J. H. Channing. The defendants not having adopted either one or the other of these courses, but having gone to trial on the merits as if the declaration had been so amended, this court will so treat it. *Dupont Engineering Co.* v. *Blair*, 129 Va. 423, 106 S. E. 328, and cases cited. This course also accords with section 6331 of the Code.

The verdict of the jury and the judgment of the trial court thereon will be set aside, and, as the evidence as to the fifty bags of peanuts is not such as to enable this court to enter final judgment in accordance with section 6365 of the Code, the case will be remanded to the trial court with directions to permit the plaintiff to dismiss its action as to J. H. Channing and to award the plaintiff a new trial as to the fifty bags of peanuts aforesaid, but not as to any other portion of its claim sued for.

*Reversed.*